Hill, for the defendant, objected that this endorsement should not be received as evidence for the purpose now intended, namely, that of showing the sole interest and right of action to be in Sneed.
Slade, e contra: Though it be in general true that a contract made with several persons jointly must be sued upon by all jointly, that does not hold universally; for if some of them are satisfied, and their demands extinguished, they need not be made parties.
Each of two joint partners are entitled to the whole — the one may release his interest in the whole to the other, and that other will then be entitled to the whole as before; but with this additional circumstance, that the joint interest of the other having now fallen off, he is entitled solely to the whole. This circumstance, however, must be stated in the declaration, otherwise the joint contract produced in evidence will not support the plaintiff's claim.
The Court do not recollect any case like the present, though (292) cases circumstanced like the present must very often have occurred; but upon principle there can be no good reason why this action should not be supported. Were this an endorsement of part, it would not be good, for the defendant cannot be subjected to more than one action by any act of the plaintiff's. This endorsement, if it be considered as transferring a right, causes no multiplication of actions; the parties as to these remain precisely in statu quo. In truth, the endorsement by one of two joint payees is good to transfer the whole contents of the note to an endorser, but it is not necessary to go upon this ground now. There can be no doubt but that one partner may release to the other, and leave him solely entitled to the money and the action; and of course, the plaintiff is here entitled to recover.
The reason why a contract made with several persons jointly must be sued by all is because if they were to sue severally they could recover *Page 232 
only their several proportions; no one could recover all to the exclusion of the others; and if each could recover only his proportion, then the defendant upon one contract would be subject to as many suits as there were persons with whom he made it. If one might sue alone, by the same reason each of them might sue alone. All this mischief is avoided by one joint action brought by all. If each one of them could sue, then either the defendant would be doubly charged or one of them might recover and receive the money to his own use without the interference and to the total exclusion of the others. This inconvenience is avoided by a joint action; but wherever the reason of a rule ceases, the rule will also cease. In most instances, more properly speaking, the rule extends no further than the reason of it warrants; and wherever the case is so circumstanced that an action by one only will not be accompanied or followed by the mischievous consequences before mentioned, there can be no good legal objection against it that appears in the present instance. Where one cannot be injured by the other's proceeding for the whole, as he cannot be when he has relinquished his whole demand, there is no reason for saying he shall not proceed alone. It injures not his companion, nor does it take from the defendant any advantage he might have were the action brought by both; nor does it subject him to any of the disadvantages the law was careful to prevent when it ordered (293) those plaintiffs to sue jointly that were jointly concerned.
The plaintiff had a verdict and judgment. Vide, 4 Bac. Ab., 661; 1 Mod., 102; Lord Raymond, 340.